# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| BRYAN KNIGHT | § | C.A. NO. |
| | § | |
| VS. | § | JUDGE _____ |
| | § | |
| MARK KNIGHT, JASON KINCH, | § | MAGISTRATE _____ |
| COREY JACKSON and RUSSELL | § | |
| MANUEL | § | JURY TRIAL REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW BRYAN KNIGHT, hereinafter sometimes referred to as "Plaintiff," complaining of MARK KNIGHT, JASON KINCH, COREY JACKSON and RUSSELL MANUEL, hereinafter sometimes collectively referred to as "Defendants," and would respectfully show unto the Court and Jury the following:

### I. Parties

1. BRYAN KNIGHT is a Louisiana citizen who resides in Lafayette, Louisiana.

2. Defendant MARK KNIGHT is a Louisiana citizen who resides in Lafayette, Louisiana. MARK KNIGHT may be served with the summons and complaint at 534 Beaullieu Drive, Lafayette, Louisiana 70508.

3. Defendant JASON KINCH is a Louisiana citizen who resides in Lafayette, Louisiana. JASON KINCH may be served with the summons and complaint at 129 Pleasant View Drive, Lafayette, Louisiana 70503.

4. Defendant COREY JACKSON is a Louisiana citizen who resides in Youngsville, Louisiana. COREY JACKSON may be served with the summons and complaint at 201 Prescott Road, Youngsville, Louisiana 70592.

5. Defendant RUSSELL MANUEL is a Louisiana citizen who resides in Lafayette, Louisiana. RUSSELL MANUEL may be served at 116 Live Oak Dr., Lafayette, Louisiana 70503.

## II. Jurisdiction

6. Jurisdiction is proper in federal court because this case arises under the Constitution and laws of the United States and involves civil rights violations. 28 U.S.C. §1331; 28 U.S.C. §1343.

## III. Venue

7. Venue is proper in the Western District of Louisiana because a substantial amount of the acts giving rise to this suit occurred in Lafayette, Louisiana and the Western District of Louisiana.

## IV. Factual Background

8. Bryan Knight and Defendant Mark Knight are brothers. They, along with another sibling, own an equal share in a business started by their father. Under their father's leadership and management the business became very profitable. At some point after their father's death, Defendant Mark Knight took over as CEO of the business.

9. After assuming the position of CEO, Defendant Mark Knight began engaging in a course of lavish and uncontrolled spending for his personal benefit. Plaintiff Bryan Knight voiced his objections and concerns over the excessive spending and waste.

10. At some juncture Defendant Mark Knight attempted to gain the majority of Plaintiff's interest in the family business.

11. After Plaintiff refused to hand over the majority of his ownership interest to Defendant Mark Knight and after Plaintiff had complained about the excessive, wasteful spending, Defendant Mark Knight concocted and funded a scheme referred to by the defendants as "the operation" to silence Plaintiff and obtain the majority of Plaintiff's ownership interest in the family business. The main thrust of the scheme was to have Plaintiff arrested on felony drug charges.

12. To accomplish his goal, Defendant Mark Knight enlisted the help of Louisiana State Trooper Corey Jackson, Lafayette Parish Sheriff's Deputy Jason Kinch, who was assigned to the Metro Narcotics Task Force, and an employee of the family business, Russell Manuel, all three (3) of whom are named defendants herein.

13. Each of the individuals who were enlisted to help Defendant Mark Knight was promised and, upon information and belief, received substantial consideration for their help. Each of them was aware of Defendant Mark Knight's goals and each one of them conspired with the other named defendants herein to accomplish those goals.

14. Initially, the defendants set up a surveillance program on Plaintiff, hoping to catch him committing an unlawful act and use their police power to make a pretextual stop. Unbeknownst to Plaintiff, and without his consent, one or more of the conspirator defendants installed a GPS tracking device on Plaintiff's vehicle.

15. There was a failed attempt to force Plaintiff out of his residence to make a stop on his vehicle. The attempt was thwarted when one of the co-conspirators attempted to cut the

electrical line to the residence airconditioner and received an electric shock while Deputy Kinch lay in wait nearby.

16. After several weeks of illegal surveillance that was unfruitful, defendants decided to accelerate the timetable by obtaining illegal drugs and planting them on Plaintiff's vehicle in a magnetic box. Once planted they would know when Plaintiff was on the road driving. When Plaintiff got on the road driving his vehicle, Defendant Jason Kinch would be notified who would then coordinate with the Metro Narcotics Task Force the unlawful arrest of Plaintiff for felony narcotics possession.

17. Thereafter, one of the named defendants purchased illegal drugs and placed them in a magnetic box under Plaintiff's vehicle. This was done with the knowledge, consent and/or acquiescence of the other named co-conspirators and the funding of Mark Knight. Upon information and belief, these illegal drugs were "planted" on the vehicle while Plaintiff Bryan Knight was attending mediation with Defendant Mark Knight over their ongoing legal dispute on or about June 4, 2014.

18. When the mediation had concluded for the day and several times during the mediation, Defendant Mark Knight communicated Plaintiff's whereabouts to Defendants Russell Manuel and State Trooper Corey Jackson while they drove around together waiting for Plaintiff to leave the mediation and operate his vehicle. Prior to planting the drugs during discussions amongst the co-conspirators, Defendant Corey Jackson commented that they should wait until Plaintiff enters St. Martinville Parish because he would likely receive a longer jail sentence if arrested in that parish. Upon information and belief, Defendant Trooper Jackson also commented that Plaintiff frequently goes to New Orleans and that "maybe he just won't come back one day."

19. On the day they planted the drugs on Plaintiff's vehicle, Mark Knight provided information on Plaintiff's whereabouts from the mediation location and they made an anonymous call to the Metro Narcotics hotline reporting that Plaintiff's vehicle was carrying illegal narcotics underneath the vehicle; immediately thereafter, they contacted Defendant Sheriff's Deputy Jason Kinch by telephone to coordinate Plaintiff's arrest by Metro Narcotics. Deputy Kinch was in Florida at the time on vacation. Deputy Kinch made the call from Florida to Metro Narcotics to make the stop and arrest while on a simultaneous conference call with the co-conspirators, Jackson and Manuel, who were following plaintiff while he operated his vehicle. The co-conspirators, Kinch, Jackson, and Manuel, were communicating real time on their cell phones while Kinch gave real time information of Plaintiff's location to the stop and arresting officer.

20. Bryan Knight was in fact stopped by the police. His vehicle was scarcely searched and the drugs were immediately found. He was arrested and charged with the unlawful possession of the narcotics that had been planted by the Defendants.

21. One or more of the defendants also threatened another employee of the family business, who had learned of the scheme, leaving the employee with fear of bodily harm to he and his family if he went to the authorities.

22. Knowing the drugs that were found were not placed there by him, Plaintiff believed that someone had set him up. But, he could not prove it. He knew he was facing a lengthy jail sentence. During this period of time when he was fighting these criminal charges, his older brother, Defendant Mark Knight, told him he could take care of the charges if Plaintiff would cooperate with him.

23. Finally, in 2015 a witness came forward with hard evidence showing that Plaintiff had been set up by two police officers, an employee of the family business and his own brother. Plaintiff first learned the identity of the individuals who had set him up for the arrest in March 2015. The drug charges were dismissed by the District Attorneys office and racketeering charges were filed against the named defendants herein.

24. All of the acts alleged herein were committed and performed with the knowledge, acquiescence and/or consent of all the defendants.

25. This suit has become necessary because of the egregious, despicable conduct perpetrated by defendants which were intended to cause harm to Plaintiff Bryan Knight. In addition to the multiple civil wrongs committed against Bryan Knight, defendants committed multiple criminal acts, including but not limited to, (a) criminal conspiracy, (b) bribery of police offers, (c) acceptance of those bribes, (d) trespassing with the intent to break and enter a residence, (e) trespass to install a GPS, which also constitutes an unlawful search and seizure, (f) extortion, (g) purchase and possession of illegal narcotics to plant on Plaintiff's vehicle, (h) racketeering and (h) use of interstate wire communications to accomplish their goals, which brings federal RICO violations into question.

## V. Civil Rights Violations

26. Plaintiff adopts by reference and incorporates herein for all purposes the allegations contained in paragraphs 1-25 of this Original Complaint.

27. The conduct described above constitutes a violation of 42 U.S.C. §1983 and §1985. These civil rights violations were a proximate cause, or, alternatively a producing cause of Plaintiff's damages.

## VI. Malicious Prosecution

28. Plaintiff adopts by reference and incorporates herein for all purposes the allegations contained in paragraphs 1-25 of this Original Complaint.

29. The conduct of Defendants caused Plaintiff to be arrested and charged with a crime he did not commit. Defendants intended this result and are liable to Plaintiff for malicious prosecution. This malicious prosecution was a proximate cause, or, in the alternative a producing cause of Plaintiff's damages.

## VII. False Imprisonment

30. Plaintiff adopts by reference and incorporates herein for all purposes the allegations contained in paragraphs 1-25 of this Original Complaint.

31. The conduct of Defendants described above caused Plaintiff to be arrested and detained. Once again, this was the intent of the defendants. This false imprisonment was a proximate cause, or, in the alternative a producing cause of Plaintiff's damages.

## VIII. Intentional Infliction of Mental Anguish

32. Plaintiff adopts by reference and incorporates herein for all purposes the allegations contained in paragraphs 1-25 of this Original Complaint.

33. The conduct of Defendants described herein was intended to cause Plaintiff to suffer mental anguish and, in fact, Plaintiff did suffer mental anguish. Defendant's conduct was a proximate cause, or, in the alternative a producing cause of Plaintiff's damages.

## IX. Conspiracy

34. Plaintiff adopts by reference and incorporates herein for all purposes the allegations contained in paragraphs 1-25 of this Original Complaint.

35. Each of the defendants conspired together to commit the acts described above. By virtue of this conspiracy, they are all jointly and severally liable for the damages caused.

## X. Actual Damages

36. Plaintiff adopts by reference and incorporates herein for all purposes the allegations contained in paragraphs 1-34 of this Original Complaint.

37. The conduct of the Defendants has caused Plaintiff to suffer mental anguish and incur legal debt for the handling of the criminal matter. In addition, Plaintiff incurred the costs of posting a bond in order to gain release from jail pending his criminal trial. In addition, he incurred costs for the property damage when the electrical line was cut to his residence.

38. Plaintiff requests the jury to award such damages as they deem just and fair to compensate Plaintiff for his actual damages.

## XI. Attorneys Fees

39. Plaintiff adopts by reference and incorporates herein for all purposes the allegations contained in paragraphs 1-34 of this Original Complaint.

40. Plaintiff has retained counsel to represent him in this action and has agreed to compensate counsel a reasonable fee. Plaintiff requests that he be awarded reasonable and necessary legal fees pursuant to 42 U.S.C.§1988.

## XII. Punitive Damages

41. Plaintiff adopts by reference and incorporates herein for all purposes the allegations contained in paragraphs 1-34 of this Original Complaint.

42. The defendants herein intended to violate the civil rights of Plaintiff and deprive him of his civil liberties. Their conduct was egregious and shocking to the conscience.

Plaintiff requests that punitive damages be awarded in an amount sufficient to deter such unlawful and anti-social conduct in the future and to set an example for the community that such intentional and malicious conduct will not be tolerated in this community.

### XIII. Additional Remedies

43. Plaintiff adopts by reference and incorporates herein for all purposes the allegations contained in paragraphs 1-34 of this Original Complaint.

44. In addition to the damages referenced above, if the damages are to slight in view of the gravity and egregious nature of Defendants' conduct, Plaintiff would ask the Court to fashion a remedy pursuant to its broad discretionary powers under the Civil Rights provisions.

45. Plaintiff would also request that defendants be divested of all illegal sums paid to them and that those sums be awarded to the Plaintiff.

46. Finally, Plaintiff requests that Defendants be ordered to pay Plaintiff all sums they expected or hoped to receive by virtue of their illegal and egregious conduct.

WHEREFORE, PREMISES CONSIDERED, Bryan Knight prays that each of the Defendants be summoned to appear and answer herein and that upon final hearing hereof, Plaintiff have and recover from the Defendants jointly and severally the actual and additional damages described herein together with punitive damages, attorneys fees and such other and further relief, both general and special, at law and in equity to which he may show himself justly entitled.  Plaintiff further prays that this matter be tried by jury.

    Respectfully submitted,

    */s/ Joseph R. Joy, III*

    _____

    JOSEPH R. JOY, III - #7575

Post Office Box 4929
900 South College Road Suite 201
Lafayette, Louisiana 70502
Telephone (337)232-8123
Fax: 337-235-5629
buzzyjoy@josephjoy.com

*/s/ Gary Haynes*_____
Gary Haynes
La. Bar No.: 20567
gary.haynes@lusfiber.net
1013 W. University Avenue
Lafayette, LA 70506
Telephone: (337) 235-8640
Facsimile: (800) 723-0558

And

*/s/ Gordon J. Schoeffler*_____
GORDON J. SCHOEFFLER- #29412
Post Office Box 4829
900 South College Road Suite 201
Lafayette, Louisiana 70502
Telephone (337)232-8123
Fax: 337-235-5629
gschoeffler@josephjoy.com

*ATTORNEYS FOR PLAINTIFF BRYAN KNIGHT*