## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Knight

Civil Action 15-01808

versus

Judge S. Maurice Hicks

Knight

Magistrate Judge Carol B. Whitehurst

## ORDER

Before the Court is a Second Motion To Stay filed by defendant, Mark E. Knight ("Knight") and an opposition memorandum [Rec. Doc. 79] filed by Plaintiff, Bryan Knight. The Court conducted oral argument on the Motion on November 16, 2016. For the oral reasons assigned in open court and for the reasons set forth below, the Court instructed the parties that the Motion would be granted and this case would be administratively stayed pending resolution of the criminal matter related to this action.

### I. Factual Background

As the Court has previously addressed the factual and procedural background in this action, *R. 68*, only an abbreviated recitation of the background will be provided here.

Plaintiff alleges in his complaint that he and Knight along with another sibling own equal shares in Knight Oil Tools ("KOT")—Knight became CEO of that business at some point after 2002. He further alleges that Knight and Plaintiff have remained in an ongoing legal dispute for several years based on Knight'st attempt to obtain a majority of Plaintiff's interest in KOT. Plaintiff alleges that when he refused to transfer the majority of his ownership interest, Knight concocted a scheme to

obtain the majority of Plaintiff's ownership interest in KOT by having Plaintiff arrested on felony drug charges. In order to accomplish this goal Knight enlisted the help of Louisiana State Trooper Corey Jackson ("Jackson"), Lafayette Parish Sheriff's Deputy Jason Kinch ("Kinch"), who was assigned to the Metro Narcotics Task Force, and an employee of KOT, Russell Manuel ("Manuel) (collectively "Co-Defendants"). Plaintiff alleges, in April, 2014, each of the Co-Defendants enlisted to assist Knight in the scheme conspired with the others to accomplish these goals and was promised and received substantial consideration to accomplish them. Knight alleged civil rights violations under 42 U.S.C. § 1983, federal and state RICO claims, malicious prosecution, false imprisonment, intentional infliction of mental anguish, conspiracy and actual damages against all defendants.

It is undisputed that Knight and all Co-Defendants have been indicted in the criminal proceedings related to this action.[1] Knight represents that his pretrial conference is scheduled for February 16, 2016 and he believes the trial date will be set at that conference.  In his Motion, Knight states that plaintiff's counsel indicated he wants to begin discovery. Knight contends he cannot fully participate in discovery in this matter and also protect his Fifth Amendment rights. He requests a stay of this case until the criminal case is resolved. Plaintiff opposes the Motion.

The factors to be considered in deciding whether to grant a stay include: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the

---

[1] The status of the Co-defendants is as follows: (1) Russell Manuel pled guilty and filed bankruptcy; (2) Jason Kinch is unrepresented; (3) Corey Jackson filed a motion to stay which was denied by Judge Haik, *R. 29.* While he has not filed a second motion to stay, his counsel was present at the November 16 hearing and stated to the Court that he favors a stay.

case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighted against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. *Walsh Securities, Inc. v. Cristo Property Mgt., Ltd.,* 7 F. Supp. 2d 523, 527-527 (D.NJ. 1998).

At the hearing, the Court found that the following factors favor a stay:

(1) the issues in the criminal investigation and the this civil suit completely overlap.

(2) Knight has already been indicted.

(4) Knight will not be able to participate fully in discovery while protecting his Fifth Amendment rights and would have to devote defense resources to defending this case instead of using them to defend the criminal case against him.

(5) delaying discovery and not allowing this matter to proceed until resolution of the criminal matter will ultimately allow discovery and plaintiff's suit to proceed more efficiently.

(6) the public interest in a criminal prosecution is substantial.

Knight contends that only factor 3, in which a stay could inconvenience or delay the Plaintiff's case, may be against granting a stay.[2] However, this suit was filed only a little over a year ago. Any inconvenience to plaintiff is greatly outweighed by Knight's Fifth Amendment privilege against self-incrimination, as well as his other interests and burdens, should this matter be allowed to proceed at this time.[3]

---

[2] In his Motion, Plaintiff primarily argued that Knight waived his 5th Amendment rights when he filed an answer in this action. The Court dismissed Plaintiff's argument based on *Coushatta Tribe of Louisiana v. Abramoff,* 2009 WL 2406303, *7 (W.D.La. 7/31/09)("a witness does not lose his Fifth Amendment privilege unless he testifies to an incriminating fact…. if the witness discloses nothing that might be characterized as incriminating, he does not waive his privilege."

[3] *See Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979) in which the Fifth Circuit held that a stay of the civil proceedings for as long as three years during a pending criminal investigation was proper. *Id.* at 1089 ("staying discovery would not impose

The claims in *Walsh Securities, Inc. v. Cristo Property Mgt., Ltd.* 7 F. Supp. 2d 523, 527-527 (D.NJ. 1998) are similar to those in this case. In *Walsh,* the plaintiff filed suit against the defendants alleging RICO violations, fraud claims, and breach of contract claims.  At the same time, the U.S. Attorney's Office was investigating the conduct underlying the plaintiff's claims, and the defendants had been informed that they were the targets of the criminal investigation. The court granted the defendants motion for stay of the civil proceedings in which they alleged they could not fully participate in civil discovery and protect their Fifth Amendment rights. *Id.* at 526. The court noted that the government was investigating the same conduct that made up the allegations in the plaintiff's complaint; the defendant would run the risk of revealing criminal defense strategy; discovery would likely be inefficient because the defendants would be forced to assert Fifth Amendment privileges; and that a stay would benefit the public by allowing the government to conduct a complete, unimpeded investigation. *Id.* at 527-529.

In *Brumfield v. Shelton,* 727 F. Supp. 282 (E.D.La. 1989) the court also granted a motion to stay. There the defendant was a target of a grand jury investigation involving the conduct underlying the plaintiff's suit. *Id.* at 284. Reasoning that the facts at issue in both the plaintiff's suit and the criminal investigation were the same, the court stayed discovery pending resolution of the criminal matter or until the criminal statute of limitations had run. *Id.* at 285.

Accordingly,

---

undue hardship on defendant and, therefore, would protect the party exercising a constitutional privilege from unnecessary adverse consequences").

**IT IS ORDERED** that the  Second Motion To Stay filed by defendant, Mark E. Knight [Rec. Doc. 79] is **GRANTED** and the Clerk of this Court is to administratively close this action in his records, without prejudice to the right of the parties to file a joint motion to reopen this proceeding within ten (10) days of the date of resolution of the criminal case currently pending in the Fifteenth Judicial Court, Lafayette Parish, Louisiana.

**IT IS FURTHER ORDERED** that counsel for Knight submit a written report to this Court every six months updating the status of the criminal matter.

This order shall not be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, any party may initiate such motion as if this order had not been entered.

THUS DONE AND SIGNED this 17th day of November, 2016 at Lafayette, Louisiana.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**