UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Knight                              Civil Action No.  15-CV-01808

Versus                              Judge S. Maurice Hicks, Jr

Knight et al                        Magistrate Judge Carol B Whitehurst

## MEMORANDUM ORDER

Before the Court are several related motions: (1) a Motion For Protective Order And Order For Costs filed by Knight Oil Tools, LLC and HMC Leasing LLC (collectively "KOT") [Rec. Doc. 118], non-parties in the above captioned lawsuit, Plaintiff, Bryan Knight's Opposition [Rec. Doc. 122], Defendant, Mark Knight's Opposition [Rec. Doc. 136], and a Reply filed by KOT [Rec. Doc. 138]; (2) Defendant, Mark Knight's Motion To Quash And Motion For Protective Order [Rec. Doc. 135] and Plaintiff's Opposition [Rec. Doc. 143] (3) a Motion To Consolidate Hearing Dates filed by KOT [Rec. Doc. 137]; and, (4) a Motion To Strike Motion For Protective Order filed by Plaintiff, Bryan Knight [Rec. Doc. 139] and Opposition filed by Defendant Mark Knight [Rec. Doc. 142].

*1. KOT's Motion For Protective Order*

KOT contends it was served with subpoenas by Plaintiff, Bryan Knight, to produce "personal financial and confidential commercial business records." KOT further contends that while it is prepared to produce hundreds of documents, it will

not do so without a Protective Order. KOT asserts that because the parties cannot agree to such an order, it moves the Court to allow it to use the Protective Order attached to the motion as "Exhibit C." *R. 118-4.* KOT also seeks an order of reimbursement for any costs incurred in acquiring any software licenses for responding to the subpoenas. In the alternative, KOT seeks an in camera review of the records it must produce to determine if they fall within the realm of being commercial and personal confidential and financial in nature.

In his opposition, Plaintiff contends that Mark Knight and his co-defendants extensively utilized KOT monies, resources, and employees in the execution of the scheme that forms the basis of this lawsuit. Specifically, Plaintiff states that

> KOT unwittingly paid for the magnetic boxes used to plant drugs on Plaintiff's vehicle, paid Defendant Russell Manual monies for his on the clock and off the clock activities related to the scheme, paid for his illicit monies for his role in the scheme, was a source of information (phone records) utilized by Heath Knight Billeaud in connection with the scheme, and even provided the "safe house" where defendants regularly met throughout the scheme....

Plaintiff further contends that the Protective Order attached to KOT's motion is "onerous" in that it applies to "every single document requested" and requires that anyone presented with the protected documents (i.e. a witness) sign the Protective Order, making them subject to liability for any breach thereof. Plaintiff notes that any financial information of defendant, Mark Knight, would be accessible to Plaintiff as a shareholder outside of this litigation. He states that Mark Knight

received a similar subpoena and has not filed a motion to quash. Thus, he asserts KOT has failed to show the need for such a Protective Order. In the alternative, KOT requests that the Court perform an in camera review of the requested documents to determine if any are "worthy of a protective order" and if so, determine whether or not the Protective Order is overly burdensome on the parties, jurors, witnesses and the Court.

In its Reply, KOT reiterates the reasons for ruling provided in its motion. It specifically notes that Plaintiff has not opposed the request for all costs associated with the software licenses and computer work necessary in order to respond to the production requests by Plaintiff.

*2. Defendant Mark Knights Motion For Protective Order*

Defendant, Mark Knight, objects to the subpoenas issued to KOT and submits that any documents ultimately produced in response should be protected by a Protective Order. Specifically, Defendant moves the Court to quash the subpoenas as to "non-relevant, privileged, sensitive and confidential information and further, to restrict the overbroad scope of certain requests that may include requests for documents of potential relevance to viable claims of this litigation, but exceed the relevant time period and/or fail to describe what is sought with reasonable particularity, and therefore, include privilege and/or non-relevant items." Defendant contends that any documents ultimately produced should be governed by a

protective order, as proposed by KOT, prohibiting the disclosure or dissemination of the documents and information to anyone outside of this litigation.

Plaintiff opposes Defendant's motion arguing that it is "extremely untimely" as Plaintiff served the subject subpoenas on KOT April 16, 2019 and responses were due on April 29, 2019.

*3. Motion To Consolidate*

The Court will grant KOT's motion to consolidate the hearing of all pending motions.

*4. Motion To Strike*

Plaintiff, Bryan Knight, contends that the Court should strike Defendant's motion because it is untimely. Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are disfavored and infrequently granted." *U.S. v. Cushman & Wakefield, Inc.*, 275 F. Supp.2d 763, 767 (N.D. Tex. 2002) (citing *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962)). As the Fifth Circuit has noted:

> [p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. * * * It is a drastic remedy to be resorted to only when required for the purpose of justice. * * * The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Augustus*, 306 F.2d at 868.

In this case, Defendant's motion basically duplicates KOT's motion. The Court previously ordered the parties to confer in a Rule 37 Conference, *R. 134*, and therefore has not yet ruled on KOT's motion. As the Court will consolidate the hearing of the pending motions, the Court will also consider Defendant's motion.

Rule 26(c) provides that the Court "may, for good cause," protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by issuing an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Proc. 26(c)(1)(D). To satisfy "good cause," "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

The Protective Order in this case provides for documents to be produced that include "Confidential, Commercial Information that should be protected against disclosure and/or use by other parties outside the confines of this case." The Court finds this protection is sufficient to alleviate concerns that any Confidential, Commercial Information will not be used in any other litigation or for any purpose other than by the parties in the above captioned action.

The Court accepts the terms of the Protective Order with the following amended language in paragraph VIII, page 5 and paragraph IX, page 5-6. *R. 118-4, 138-5:*

> The party proposing to file any discovery containing Confidential, Commercial Information shall contact the party designating the document as confidential and request permission to file the discovery as unsealed in the public record. Said permission shall not be unreasonably denied. In the event that such permission is denied, leave of court must be obtained by the party who seeks to file the confidential evidence before any document is filed under seal.

Accordingly,

**IT IS ORDERED** that the Motion For Protective Order And Order For Costs filed by Knight Oil Tools, LLC and HMC Leasing LLC [Rec. Docs. 118] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion To Quash and Motion For Protective Order filed by Defendant Mark Knight [Rec. Doc. 135] is **GRANTED IN PART** as to the Protective Order and **DENIED IN PART** as to the motion to quash the subpoena.

**IT IS FURTHER ORDERED** that the Motion To Consolidate Hearing Dates filed by Knight Oil Tools, LLC and HMC Leasing LLC [Rec. Doc. 137] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion To Strike [Rec. Doc. 139] filed by Plaintiff Bryan Knight is **DENIED**.

**THUS DONE AND SIGNED** at Lafayette, Louisiana on this 17th day of September, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE