# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Knight | Civil Action No. 15-CV-01808 |
| Versus | Judge S. Maurice Hicks, Jr |
| Knight et al | Magistrate Judge Carol B Whitehurst |

## MEMORANDUM ORDER

Before the Court is a Motion For Expenses And Attorneys Fees Pursuant To FRCP Rule 9(d)(2) filed by Plaintiff, Bryan Knight [Rec. Doc. 153], Defendant, Heather Knight Billeaud's, Memorandum In Opposition [Rec. Doc. 159], and Plaintiff's Reply thereto [Rec. Doc. 169]. Also before the Court is an Objection To Plaintiff's Reply, which the Court will construe as a Motion To Strike Plaintiff's Reply, filed by Heather Billeaud [Rec. Doc. 165].

Plaintiff filed this motion alleging that Defendant "actively and intentionally" avoided waiver of service and also service of process. The record reflects that, before Billeaud was named as a defendant in this action, Plaintiffs counsel was advised by letter dated March 27, 2019, that she had retained attorney J. Kirk Piccione "to represent [her] in connection with her deposition" related to this action. *R. 153-2*. Mr. Piccione requested that Plaintiff's counsel contact him rather than Ms. Billeaud "with anything pertaining to her deposition." *Id.*

Plaintiff amended his complaint to add Mrs. Billeaud as a defendant in this action, on July 2, 2019 (entered). *R. 114.* Thereafter, on July 3, 2019, Mr. Piccione received the amended complaints with a request from Plaintiff's counsel that he execute a Waiver of Service of Summons for Mrs. Billeaud. *R. 153-2.* By letter dated July 15, 2019, Mr. Piccione stated that while he had discussed with Mrs. Billeaud his representation of her in this lawsuit, she told him she would not be able to obtain the financing to pay his retainer until "sometime in September." *Id.* He further stated that because he had not yet been retained by her, he could not accept Service of Summons or execute the waiver.[1] *Id.*

On July 22, 2019, Plaintiff's counsel sent a letter via certified mail to Mrs. Billeaud enclosing the summons as well as a Waiver of Service of Summons. *R. 153-2.* Accordingly to USPS Tracking, the letter to Mrs. Billeaud "could not be delivered on August 14, 2019 at 9:22 am in Lafayette, La 70508. It was held for the required number of days and is being returned to the sender." *Id.* The Tracking further indicated that the Notice was left on July 24, 2019 at 12:05 pm, "no Authorized Recipient available." *Id.*

Plaintiff's counsel hired a Process Server to effect personal domiciliary service on Mrs. Billeaud. A "Private Process Invoice" provides that the server

---

[1] Plaintiff states in his motion that Mr. Piccione's correspondence indicated "he had met with" and "discussed the waiver" with Mrs. Billeaud. *R. 163, p. 5.* Mr. Piccione, however, actually stated in his letter that he had "verbally indicated [to Plaintiff's counsel] that he would discuss with [Mrs. Billeaud] acceptance of service on her behalf"—he then explained why he was not retained and could not do so.

2

attempted to serve Mrs. Billeaud at her domicile on August 29, 2019, when her husband Beau Billeaud answered the door at approximately 6:00 p.m. Mr. Billeaud refused to accept service for his wife. *R. 153-2*. The invoice further provides that the server's assistant attempted to serve Mrs. Billeaud "4 or 5 more times" between August 30 and September 4, 2019, but "no one would answer the door." *Id.*

Plaintiff's counsel retained a private investigation firm, Reconnaissance Investigations, to attempt service of Mrs. Billeaud. *R. 153-3*. A Statement of Services Rendered from Reconnaissance Investigations dated September 11, 2019 states:

> 9/4/2019 5 hrs. surveillance of subject residence
> 9/5/2019 6 hrs. followed subject to gated community
> 9/6/2019 15 hrs. Surveillance of subject followed subject & served at
> 9:30 pm in garage – Mrs. Heather Knight Billeaud.

*Id.* Plaintiff now moves for expenses and attorneys' fees in the total amount of $2,701.50, pursuant to Federal Rule of Civil Procedure 4(d)(2).

In her opposition, Mrs. Billeaud and her husband, Beau Billeaud, attach individual affidavits in which each states that he/she "did not receive a notice of certified mail from the plaintiff or his counsel at my home address at any time between July 22, 2019 and August 14, 2019." *R. 159-1, ¶III, 159-2, ¶VII*. They each further state, "Between August 29, 2019 and September 6, 2019, I observed no private process server at my home at any time." *R. 159-1, ¶VI, 159-2, ¶IX*. Finally, each of them stated, "I went to work on weekdays between August 29, 2019 and

3

September 6, 2019, and l was otherwise generally home during that period as my young daughter had just started school. I was home in the early morning hours, getting my daughter ready for school and preparing to go to work. I returned home each evening and spent each night during that 8-day period at home." *R. 159-1, ¶VII, 159-2, ¶X.*

As to Plaintiff's contention that Mr. Piccione and/or Mrs. Billeaud were involved in a deliberate attempt to avoid waiver of service, the Court finds that Mrs. Billeaud's affidavit statement that she "never authorized Mr. Piccione to either waive or accept service" and Mr. Piccione's letter to Plaintiff's counsel accounting their legal relationship are credible. In Louisiana, the existence of an attorney-client relationship turns largely on the client's subjective belief that such a relationship exists. *In re Austin*, 943 So.2d 341, 348 (La. 2006). Mrs. Billeaud retained Mr. Piccione's legal services only for her grand jury testimony and then for her deposition. She was free to make the decision not to retain him to represent her as a defendant until she had the money to pay his retention fee. In fact, Mrs. Billeaud retained Mr. Piccione in September as evidenced by his filing of her answer on September 25, 2019. *R. 152.*

Rule 4(d)(2) provides that if a defendant in the United States fails, without good cause, to sign and return a waiver of service requested by the plaintiff in accordance with Rule 4(d)(1), the Court "must impose on the defendant" the

expenses incurred in making service and the expenses, including reasonable attorney's fees, incurred in filing a motion to collect those expenses. See Fed. R. Civ. P. 4(d)(2); *Wright v. Spindletop Films, L.L.C*., ––F.Supp.2d ––––, 2011 WL 3273125, *5 (S.D.Tex.2011). "A defendant failing to comply with a request for a waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare. It is not good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." *See* Fed.R.Civ.P. 4(d)(2) Advisory Committee Note on 1993 Amendment.

Here, Mrs. Billeaud's affidavit includes her sworn statements that: (1) she did not receive notice of the USPS certified mail; (2) she was not at home during the times Plaintiff's process servers were attempting service; and (3) she never attempted to hide or avoid service during the times the private investigators were conducting surveillance.[2] *R. 159-2.*

The Court finds that Mrs. Billeaud's failure to waive service of process was not in bad faith and that she did not intentionally delay or avoid service.

Accordingly,

---

[2] The Court notes that despite the private investigator's extensive surveillance of Mrs. Billeaud and her residence on September 4 and 5, the investigator spent 15 additional hours in surveillance on September 6. As each of those days were presumably school and work days for all of the Billeauds, their schedules were likely unchanged.

**IT IS ORDERED** that the Motion For Expenses And Attorneys Fees Pursuant To FRCP Rule 4(d)(2) filed by Plaintiff, Bryan Knight [Rec. Doc. 153] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion To Strike filed by Defendant, Heather Billeaud, [165] is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** at Lafayette, Louisiana on this 21st day of November, 2019.

                                                                                  _____
                                                                                  CAROL B. WHITEHURST
                                                                                  UNITED STATES MAGISTRATE JUDGE