UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BRYAN KNIGHT                                   CIVIL ACTION NO. 15-1808

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

MARK KNIGHT, ET AL.                            MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 175) filed by Plaintiff Bryan Knight ("Knight" or "Plaintiff"). The appeal seeks to reverse Magistrate Judge Whitehurst's ruling (Record Document 174) denying Plaintiff's Motion for Attorney's Fees and Expenses Pursuant to Rule 4(d)(2) (Record Document 153) filed against Defendant Heather Knight Billeaud ("Billeaud"). Billeaud opposes the Magistrate Appeal. See Record Document 177. For the reasons set forth below, the Magistrate Appeal is **DENIED** and Magistrate Judge Whitehurst's Memorandum Order (Record Document 174) is **AFFIRMED**.

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Federal Rule of Civil Procedure 72(a) and Local Rule 74.1. The decision by Magistrate Judge Whitehurst to deny Knight's request for attorney's fees and expenses is a non-dispositive matter. As such, the order must be upheld by this Court unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). This Court will review Magistrate Judge Whitehurst's legal conclusions *de novo* and review her factual findings for clear error. See Sabre Indus., Inc. v. Module X Sols., LLC, No. 15-2501, 2017 WL 4128317 (W.D. La. Sept. 18, 2017).

The order denied Plaintiff's motion for attorney's fees and expenses for failure to waive service pursuant to Federal Rule of Civil Procedure 4(d)(2). See Record Document 174. Rule 4(d)(2) provides that "if a defendant located within the United States fails, without good cause, to sign and return a wavier requested by a plaintiff located within the United States, the court must impose on the defendant: the expenses incurred in making service; and the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. Proc. 4(d)(2). Plaintiff contends Magistrate Judge Whitehurst applied the incorrect standard under Rule 4(d)(2) by ruling that Plaintiff must demonstrate Billeaud acted in "bad faith" in failing to waive service. Record Document 175-1 at 1–2. The Court disagrees. Judge Whitehurst provided the correct standard, but she did not need to apply the "good cause" standard because Billeaud never received the waiver. See Record Document 174 at 4–5; see also Suggs v. Central Oil of Baton Rouge, LLC, No. 13-25, 2014 WL 3374719, at *2 (M.D. La. July 9, 2014) ("Any application of Rule 4(d)(2) contemplates a sufficient showing that the request was sent and received by Defendant.")

As noted in the order, waiver of service was first sent to J. Kirk Piccione ("Piccione"), Billeaud's attorney for a deposition related to this action. See Record Document 153-2 at 1, 2. After receiving the waiver, Piccione made clear to Plaintiff that he had not been retained to represent Billeaud as a defendant in this matter, and thus could not waive service on her behalf. See id. at 2.[1] Plaintiff then proceeded to send the

---

[1] Plaintiff attempts to assert Billeaud had adequate notice of the waiver at this point because the letter sent by Piccione to Plaintiff's counsel references the fact that Piccione discussed the waiver with Billeaud. See Record Document 175-1 at 4–6. This is simply incorrect. As Judge Whitehurst correctly notes in her order, at the time Plaintiff sent the waiver there was no attorney-client relationship between Billeaud and Piccione as it pertains to this matter. See Record Document 174 at 4. As such, Piccione had no authority to waive service on Billeaud's behalf. Further, mere knowledge of a waiver is insufficient to serve as notice for

waiver via United States Postal Service ("USPS") Certified Mail to Billeaud. See id. at 6–11. The waiver could not be delivered and was returned to Plaintiff. See id. at 12–13. As Billeaud attests, she did not receive notice of the USPS certified mail. See Record Document 159-2. Following this, Plaintiff utilized a process server and a private investigator to serve Billeaud via ordinary process. See Record Document 153-1 at 2–3. Billeaud attests she was not at home when the private process server attempted service, and further she never attempted to hide or avoid during the times the private investigator was conducting surveillance. See Record Document 159-2.

After review of this evidence, Magistrate Judge Whitehurst concluded Plaintiff had not met his burden of proving entitlement to service costs and expenses. This Court agrees. Plaintiff has failed to demonstrate Magistrate Judge Whitehurst's factual findings were clear error.

Accordingly,

**IT IS ORDERED** that the Magistrate Appeal (Record Document 175) is hereby **DENIED**. Further, Magistrate Judge Whitehurst's Memorandum Order (Record Document 174) is **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 17th day of April, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

purposes of Rule 4(d). See Hatch v. Jones, No. 18-4146, 2019 WL 6137389, at *7 (S.D. Tex. Oct. 30, 2019) ("The request for waiver must be directed to the Defendants themselves—not their attorneys…").